UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HENRY HEWITT and NANCY HEWITT,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, et al.,<br><br>　　　　　Defendants. | CASE NO. C11-5147BHS<br><br>ORDER GRANTING IN PART, RESERVING RULING IN PART, AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT |

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 7). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part, reserves ruling in part, and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 26, 2011, Plaintiffs Henry Hewitt and Nancy Hewitt ("Hewitts") filed a complaint in the Superior Court for the State of Washington in and for the County of Pierce. Dkt. 1, Exh. A at 5-35. On February 4, 2011, the Hewitts filed a First Amended Complaint ("FAC") against Defendants Wells Fargo Bank, Old Republic Title Ltd. ("Old Republic"), Stewart Title, Mortgage Electronic Registration Systems, Inc. ("MERS"), OCWEN, Barclays Bank PLC, and John Does 1-5 (collectively "Defendants"). *Id*. at 35-

55. The Hewitts assert claims against Defendants for violations of Washington's Deed of Trust Act, RCW 61.24.005-146, violations of Washington's Consumer Protection Act ("CPA"), RCW 19.86.010-920, quiet title, and fraud. *Id*. The Hewitts request that the Court vacate the foreclosure of their home, enter an order of quiet title, and award monetary damages. *Id*.

On March 31, 2011, Defendants filed a motion to dismiss the FAC. Dkt. 7. On April 22, 2011, the Hewitts responded. Dkt. 9. On May 6, 2011, Defendants replied. Dkt. 9.

## II. FACTUAL BACKGROUND

On September 13, 2005, the Hewitts obtained a mortgage loan and executed a Deed of Trust in favor of Fremont Investment & Loan in the amount of $647,989.00. Dkt. 8, Exh. 1 ("Deed of Trust"). On December 1, 2008, the Hewitts defaulted on the loan, and a Notice of Default was issued on April 6, 2009. FAC, ¶ 10. On May 11, 2009, Old Republic Default Management Service, a division of Old Republic National Title Insurance Company, issued a Notice of Trustee's Sale scheduling a trustee's sale for August 14, 2009. Dkt. 8, Exh. 2. The Hewitts allege that Old Republic was not the recorded trustee of their Deed of Trust until the next day, May 12, 2009. FAC, ¶ 53.

On August 12, 2009, the Hewitts made a payment to reinstate their loan and work on a loan modification package. *Id*., ¶64. On February 9, 2010, Old Republic Default Management Service issued a second Notice of Trustee's Sale scheduling a trustee's sale for May 14, 2010. Dkt. 8, Exh. 3. The sale was postponed a second time to June 18, 2010. FAC ¶ 68. The June sale was also postponed. *Id*. On July 23, 2010, the Hewitts' home was sold at a foreclosure sale. Dkt. 8, Exh. 4.

## III.  DISCUSSION

### A.  Legal Standard

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### B.  Defendants' Motion

Defendants move to dismiss all of the Hewitts' claims. *See* Dkt. 7 at 4-17. The Hewitts only responded to the portion of Defendants' motion regarding violations of the Deed of Trust Act. *See* Dkt. 9. Although this failure to respond may be considered an admission that Defendants' motion has merit as to the unanswered portions, the Court will briefly address each of Defendants' arguments based on the allegations in the FAC.

#### 1.  Washington CPA

To prevail on a CPA claim, a plaintiff must show: (1) an unfair or deceptive act or practice; (2) that occurs in trade or commerce; (3) a public interest; (4) injury in their business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered. *Indoor Billboard Washington, Inc. v. Integra Telecom of Washington,*

ORDER - 3

*Inc.*, 162 Wn.2d 59, 74 (2007). Failure to satisfy even one of the elements is fatal to a CPA claim. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 793 (1986).

In this case, the Hewitts allege that Defendants violated the CPA by "allowing the Trustee to conduct a Trustee sale while it (or another Defendant) was reviewing the loan modification . . . ." FAC ¶ 82. Defendant moves to dismiss this claim because the Hewitts have failed to allege all elements of the claim. Dkt. 7 at 12. Specifically, Defendants argue that the Hewitts have failed to allege facts that Defendants' practices affected the public interest. Dkt. 7 at 12-13. The Court agrees and finds that the Hewitts have failed to allege sufficient facts to support this claim. *Twombly*, 127 S. Ct. at 1974. Therefore, the Court grants Defendants' motion and dismisses the Hewitts' claim for a violation of the CPA.

**2.     Fraud**

In Washington, the nine elements of fraud are: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff. *Stiley v. Block*, 130 Wn.2d 486, 505 (1996).

In this case, the Hewitts do not explicitly set forth a claim for fraud. They do, however, allege that Defendants' actions in violating the Deed of Trust Act may have been fraudulent. FAC ¶ 81. Defendants argue that, "to the extent that [a fraud] claim is stated in the FAC, it is not pled with the requisite particularity." Dkt. 7 at 15. The Court agrees and finds that the Hewitts have failed to allege sufficient facts to support this claim. *Twombly*, 127 S. Ct. at 1974. Therefore, the Court grants Defendants' motion and dismisses the Hewitts' claim for fraud.

ORDER - 4

### 3. Fiduciary Duty

In this case, the Hewitts do not explicitly set forth a separate claim for breach of fiduciary duty and they do not use the term fiduciary in the FAC.  Therefore, the Court finds that it is unnecessary to address Defendants' motion on this issue.

### 4. Deed of Trust Act

The Hewitts assert a claim under the Deed of Trust Act alleging that MERS was an improper beneficiary and that Defendants committed various timing and filing violations.

#### a. MERS

The Hewitts allege that "MERS did not meet the definition of the beneficiary either, i.e. 'the holder of the instrument or document evidencing the obligations secured by the Deed of Trust.'"  FAC ¶ 27; *see also id.* ¶¶ 18, 26-28, 51, & 59.  The Hewitts also allege that, "whoever the beneficiary was . . . the Trustee is not entitled to rely on the beneficiary's declaration as evidence of proof because they had violated their duty of good faith to us."  *Id.* ¶ 28; *see also id.* ¶¶ 55, 62, & 66.

The Hewitts signed a Deed of Trust that acknowledged that MERS was a beneficiary under the deed and that MERS had the right to foreclose and sell the property covered by the deed.  *See* Dkt. 7 at 4.  Moreover, the argument that MERS is not a proper beneficiary because MERS only tracks deeds instead of actually holding the deed has been consistently rejected by this court.  *See, e.g., Vawter v. Quality Loan Service Corp. of Washington*, 707 F. Supp. 2d 1115, 1125-26 (W.D. Wash 2010); *Daddabbo v. Countrywide Home Loans, Inc.*, No. C09-1417-RAJ, 2010 WL 2102485 (W.D. Wash. May 20, 2010); *Moon v. GMAC Mortgage Corp.*, No. C08-969Z, 2008 WL 4741492 (W.D. Wash. Oct. 24, 2008).  The Hewitts have failed to allege facts or advance an argument that distinguishes their case from these recent cases.  Therefore, the Court is inclined to grant Defendants' motion on this issue.

This court, however, has recently stayed adjudication of an action based on this question being certified to the Washington Supreme Court. *See Bain v. OneWest Bank, F.S.B.*, No. C09-0149JCC (W.D.Wash. March 15, 2011). Therefore, the Court will reserve ruling on this issue because of the possibility of the state court decision and because, as set forth below, the Hewitts have sufficiently pled one violation of the Deed of Trust Act.

### b. Notice of Default

The Deed of Trust Act requires that a Notice of Default include "a statement that the beneficiary has declared the borrower or grantor to be in default, and a concise statement of the default alleged." RCW 61.24.030(8)(c). The Hewitts allege that the Notice of Default they received is invalid because the statement that they were in default was delivered by the agent for the beneficiary and not the beneficiary. FAC ¶¶ 51 & 52; *see also* Dkt. 9 at 2. This argument is without merit because the notice must only contain a statement that the beneficiary declares the Hewitts in default, which was included in the Hewitts' Notice of Default.

The Hewitts also argue that the Notice of Default is invalid because it was executed by Old Republic, as agent for the beneficiary, even though the appointment of Old Republic as successor trustee was not recorded until after the Notice of Default was issued. Dkt. 9 at 2-3. The Notice of Default, however, was executed by Old Republic, as agent for the beneficiary, which is permissible under RCW 61.24.031(1)(a).

Therefore, the Hewitts' arguments are without merit and the Hewitts have failed to plead a plausible claim for relief under RCW 61.24.030(8)(c).

### c. Notices of Sale

The Deed of Trust Act requires that "the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of

trust." RCW 61.24.030(7)(a). The act also imposes on the trustee or successor trustee "a duty of good faith to the borrower, beneficiary, and grantor." RCW 61.24.010(4).

The Hewitts allege that MERS was not a proper beneficiary under the deed and, therefore, Old Republic did not have proof that MERS was the owner of the note. FAC ¶ 55. The Hewitts also claim that Old Republic breached its duty of good faith by proceeding with the foreclosure without proof that MERS was the owner of the note. *Id*. ¶¶ 54-57. These allegations are directly tied to the issue of whether MERS was a proper beneficiary under the note. Therefore, the Court will also reserve ruling on this issue.

### d.  Assignment from MERS to Wells Fargo

The Hewitts allege that the assignment of the beneficial interest in the note from MERS to Wells Fargo is invalid because it was not recorded until after the foreclosure sale. FAC ¶ 66. The Hewitts, however, fail to articulate how this violates the Deed of Trust Act and, therefore, fail to assert a plausible claim for relief. Even if this was a plausible claim for relief, the Hewitts have failed to allege that they were prejudiced by the delay in recording the assignment. *See Vawter*, 707 F. Supp. 2d at 1127.

### e.  Notice of Postponed Sale

The Deed of Trust Act requires that, if a trustee postpones a scheduled trustee's sale, the trustee must give notice of the new time and place of the sale. RCW 61.24.040(6).

In this case, the Hewitts allege that the trustee's sale was originally scheduled for May 14, 2010, and that the sale was postponed to June 18, 2010. FAC ¶ 68. They also allege that the June date was postponed and that they were not informed of the new sale date of July 23, 2010. *Id*. ¶¶ 68 & 70.

Defendants argue that phone records between the loan servicer and the Hewitts "indicate that [the servicer's] representative advised [the Hewitts] of the continued sale date on three separate telephone conversations." Dkt. 10 at 9. Defendants request that

ORDER - 7

the Court take judicial notice of the phone records and, apparently, Defendants' allegations regarding the content of the conversations of those phone calls. *Id*.; *see also* Dkt. 8. These facts are well beyond the scope of judicial notice. *See* Fed. R. Evid. 203 ("A judicially notice fact must be one not subject to reasonable dispute . . . .")

Therefore, the Court denies Defendants' motion to dismiss this claim because the Hewitts have alleged allegations sufficient to support a claim for relief under RCW 61.24.040(6).

**5.     Quiet Title**

Defendants argue that the Hewitts' quiet title claim must fail because all of the Hewitts' underlying claims fail. Dkt. 7 at 14. The Hewitts, however, have sufficiently pled a claim for a violation of the Deed of Trust Act. Its unclear whether quiet title is an appropriate remedy if the Hewitts are successful on their remaining claim. Therefore, the Court denies Defendants' motion without prejudice.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 7) is **GRANTED in part**, **RESERVED in part**, and **DENIED in part** as follows:

1.     The Hewitts' claims for a violation of the Washington CPA and fraud are **DISMISSED**;

2.     The Court **RESERVES ruling** on the Hewitts' claim for a violation of the Deed of Trust Act based on MERS being an improper beneficiary; and

3.     The remainder of the motion is **DENIED**.

DATED this 31st day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8